In the Matter of the Judicial Settlement of the Account of Proceedings of ANNE A. FOGARTY, as Administratrix, etc., of DANIEL J. FOGARTY, Deceased.

Surrogate's Court, Bronx County, March, 1923.

**Surrogate's Court — sale of intestate's real estate — power of court to order sale where one of heirs is an infant.**

Where one of the heirs at law of an intestate who left real estate is an infant, the court, under section 234(6) of the Surrogate's Court Act, the adult interested parties consenting thereto, has jurisdiction to authorize the administratrix to sell the real estate for the payment and distribution of the respective shares of the parties entitled thereto.

PROCEEDING to settle administrator's accounts.

*Bernard J. Vincent,* for petitioner.

*Adolph E. Gutgsell,* special guardian.

SCHULZ, S.   It is not disputed that the decedent left real estate and that one of the parties entitled to share therein as an heir at

law is an infant. The adult interested parties have consented to a sale of such real estate by the administratrix, and in the proceeding for a final judicial settlement of her accounts the administratrix has applied for leave to sell the same for purposes of distribution. The special guardian of the infant raises a question as to the jurisdiction of the court, under such circumstances, to direct a sale of the real estate of the decedent by an administratrix as distinguished from an executor or administrator c. t. a. No authorities are cited sustaining his contention or in opposition thereto and both sides agree that there are no adjudications on the subject.

Article 13 of the Surrogate's Court Act provides for the disposition of the real property of a decedent, and section 234, which is contained therein, so far as material, is as follows:

" Such real property may also be sold:

" 6. For the payment and distribution of their respective shares to the parties entitled thereto, where any or all of said parties are infants, proven or adjudged incompetents, absentees, or persons unknown, whenever in his discretion the surrogate may so direct."

Many of the other sections of article 13 refer both to executors and administrators. Thus section 236 provides that a petition may be presented by an executor or administrator, and under section 240 the order of sale shall be executed by the executor or administrator.

The report of the Revision Commission of 1914, in referring to subdivision 6, says: " Subdivision 6 is inserted so that sale may be had on judicial settlement for distribution and so prevent partition."

In this matter, unless the court has a right to direct the administratrix to sell the decedent's real property, the only way that the property could be sold would be through the medium of an action for partition, because the infant could not consent to or join in a voluntary sale. In other words, the exact situation obtains which the revisers had in mind and unless it be held that an administratrix, under such circumstances, may be authorized to sell, no one else is mentioned in article 13 upon whom such power could be bestowed in case of an intestacy. I see no reason, having in mind the purpose of the legislation, why the court's jurisdiction should be limited to conferring such power upon an executor or upon an administrator c. t. a.

I, therefore, conclude that the court has jurisdiction to authorize a sale of the real estate of this decedent, by the petitioner, for the payment and distribution of the respective shares of the parties entitled thereto, and I accordingly entertain the proceeding.

Upon the question whether the amount for which the administratrix has contracted to sell the said real estate is a fair and adequate consideration, I will set the matter down upon my calendar for March twenty-sixth at ten A. M. for hearing. Serve notice of hearing on all parties who have appeared and upon the special guardian and file with proof of service.

Decreed accordingly.